# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KRISTEN E. WYSOCKI,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:06-cv-255-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S PETITION FOR AUTHORIZATION TO CHARGE A REASONABLE FEE (Doc. No. 30)** |
| **FILED:** | **March 10, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff's counsel, Kathleen A. Smith, moves for payment of a reasonable attorney's fee pursuant to 42 U.S.C. § 406(b) for her successful representation of Plaintiff Kristen E. Wysocki in connection with her claim for Social Security disability benefits. The Commissioner raises two issues for the Court to address: (1) whether Smith's services are covered by a contingent fee agreement between Smith and Wysocki; and (2) whether the attorney's fee petition was filed timely. Plaintiff's counsel filed a reply to the memorandum which I will consider in this instance even though it was not properly filed. *See* Local Rule 3.01(e).

**I.     PROCEDURAL HISTORY.**

In March 1994, Wysocki applied for disability benefits under the Federal Old Age, Survivors and Disability Insurance Programs ("OASDI"), 42 U.S.C. § 401 *et seq.*, and under the Supplemental Security Income for the Aged, Blind and Disabled Program ("SSI"), 42 U.S.C. § 1381, *et seq*. The applications alleged that Wysocki became disabled on September 1, 1989.

Smith and Wysocki signed a Social Security Fee Agreement on December 20, 1994 ("1994 Agreement"). The 1994 Agreement provided in relevant part:

> 2.    We agree that if SSA favorably decides the claim at any stage, through the first hearing at the Administrative Law Judge level, I will pay my attorney a fee equal to the lesser of twenty-five (25%) of the past-due benefits resulting from my claim or $4,000.
>
> 3.    We understand that Social Security past-due benefits are the total amount of money to which I become entitled through the month before the month SSA effectuates a favorable administrative determination or decision on my Social Security claim. . . .We further understand that the fee for both claims may not exceed the lesser of $4,000 or twenty-five (25%) percent of the combined past-due benefits.

Doc. No. 30, Ex. A.

After the initial filing, Wysocki's case began a tortuous journey through the administrative and legal system. In April 1996, an ALJ found that Wysocki suffered from a severe affective disorder and reflux disease, but that she could, nevertheless, return to her past relevant work as a clerk or assembler. Wysocki ultimately sought review of this decision in this Court. Wysocki and Smith did not enter into another fee agreement at this time.

On October 8, 1998, this Court granted the Commissioner's unopposed motion to reverse the decision and remand the case for further proceedings. Thereafter, the Appeals Council vacated the

ALJ's original decision and remanded the case for further proceedings consistent with the Court's order.

An ALJ held a new hearing and took testimony from a licensed clinical social worker and psychotherapist as the "medical expert." On March 20, 2000, he issued a decision again denying Wysocki's applications. Wysocki again sought review of this decision in this Court.

Once again, the Commissioner requested that the Court reverse the decision and remand the case for further proceedings so that the ALJ could obtain testimony from a medical expert to assist in determining the severity of Wysocki's mental impairments. The Court granted the motion. Thereafter, the Appeals Council vacated the second ALJ's decision and ordered the ALJ to "obtain medical expert testimony to assist in determining the severity of the claimant's mental impairment(s)."

Again, the ALJ failed to comply with the Appeals Council's direction and the order of the Court, and Wysocki again appealed this decision to this Court. On September 11, 2007, I reversed the decision of the Commissioner and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) for an award of benefits. Judgment was entered on September 12, 2007, and an amended judgment was entered on October 2, 2007. Doc. Nos. 21, 27.

On September 26, 2007, Smith moved for an extension of time to file her petition for attorney's fees pursuant to § 406(b). Doc. No. 23. I granted Smith's motion and set Smith's deadline to file the motion for thirty days after the date Smith was served with notice of the past due benefits that will be awarded. Doc. No. 25.

On October 18, 2007, Wysocki moved for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Doc. No. 28. I approved Wysocki's request that

her attorney be compensated at the statutory rate of $125.00 per hour for 28.50 hours of work, for a total award of $3,562.50 in attorney's fees. On May 22, 2004, Wysocki also received an award of attorney's fees pursuant to EAJA for 25.75 hours in the amount of $3,218.75 in her earlier filed action. *Wysocki v. Comm'r*, Case No. 6:03-cv-00694-JGG, Doc. No. 22.[1] Smith, therefore, has been paid a total of $6,781.25 in fees pursuant to EAJA. See Doc. No. 30 at 2.

On December 13, 2007, Smith and Wysocki signed a Retainer Agreement ("2007 Agreement"). The 2007 Agreement referenced the 1994 Agreement and acknowledged that because appeals were required, Smith was not limited to $4,000.00 in fees. Doc. 30, Ex. B. The 2007 Agreement provides in relevant part: "I agree that the Court must approve any fee my attorney charges or collects from me for her representation and that this fee cannot be in excess of twenty-five (25%) percent of the past-due benefits I am entitled to by reason of a favorable judgment." *Id*.

On February 12, 2008, the Commissioner issued a Notice of Award advising Wysocki that she was entitled to past-due benefits. Doc. No. 30, Ex. D. A letter addressed to Smith on that same date informed her of the issuance of the notice and provided her with a copy. *Id*. The SSA calculated 25% of the past-due amount of benefits to be $57,329.75, which it is withholding pending the determination of the present petition. After deducting the amounts Smith has received through her EAJA fee applications,[2] Smith requests attorney's fees in the amount of $50,548.50. Doc. No. 30 at 2.

---

[1] Although EAJA provides that the courts may increase the $125.00 statutory hourly rate based on changes in the Consumer Price Index (CPI), Wysocki did not seek an upward adjustment in either of her fee applications. 28 U.S.C. § 2412(d)(2)(A).

[2] When attorney's fees are awarded under both § 406(b) and the EAJA, a social security claimant's attorney must "'refun[d] to the claimant the amount of the smaller fee.'" *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir.2006) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).

This matter is before me pursuant to the consent of the parties. Doc. Nos. 9, 10.

## II.   ANALYSIS.

### A.   Timeliness of Smith's Fee Petition.

Smith was notified on or about February 12, 2008, regarding Wysocki's past-due benefits. The instant motion was filed on March 10, 2008. Smith's filing, therefore, was within the thirty day deadline established by court order. Doc. No. 25. Smith's motion was filed timely.

### B.   Whether there is a Valid Contingent Fee Agreement in this Case.

The rights and obligations of parties to a contingent fee contract involving federal litigation are governed by state law. *Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 650, 652 (11th Cir.1990). The Supreme Court of Florida has established detailed Rules of Professional Conduct (the "Rules") governing members of the Florida Bar, which Rules are adopted by reference in the Local Rules of this Court.

The Rules require that if the attorney's fee is contingent, there must be a written agreement signed by the client and counsel that states the method by which the fee is to be determined, "including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial, or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are deducted before or after the contingent fee is calculated." Rule 4-1.5(f)(1). While it is customary to enter into the written contingent fee agreement at the time the representation begins, the Rules do not mandate when the agreement must be signed. Indeed, the Rules only require that a fee agreement be signed within a "reasonable time" after representation begins when the lawyer "has not regularly represented the client . . . ." Rule 4-15.(e).

In the 2007 Agreement, Wysocki agreed to expand her 1994 Agreement to work required before this Court and at other stages of the SSA's administrative review. She agreed to fees charged by her attorney not to exceed 25% of the past-due benefits to which she and her auxiliary beneficiary became entitled. Although it would have been preferable for Wysocki to have entered into the contingent fee agreement for work in this Court before such work began, Smith has regularly represent Wysocki in this matter for thirteen years. Therefore, absent objection by Wysocki, I find the 2007 Agreement to be a valid contingent fee agreement.

### C.  Calculation of a Reasonable Attorney's Fee.

Smith seeks attorney's fees pursuant to § 406(b)[3], which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court . *Id*. at (b)(2). Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Gisbrecht*, the Supreme Court required that courts determine whether fees sought under § 406(b) are (1) reasonable and (2) not more than 25% of the accrued benefits. Because the SSA has

---

[3]  The payment of fees in SSI cases is governed by 42 U.S.C. § 1383(d). In the Social Security Protection Act of 2004, Pub. L. No. 108-203, Congress incorporated all of § 406 into § 1383(d). Pub. L. No. 108-203, sec. 302(a).

computed 25% of Wysocki's accrued benefits to be $57,329.75, and Smith does not seek more than that amount, I need address only whether the attorney's fees sought are reasonable.

Courts have found that the contingent fee agreed to by the client is a good indicator of the reasonableness of a contingent fee. *See Watterson v. Astrue*, No. 3:06-cv-396-J-HTS, 2008 WL 783634, at * 2 (M.D. Fla. March 21, 2008), and cases cited therein. The Court should also consider whether there was excessive delay by the attorney, the size of the award in relationship to the time spent on the case, the quality of representation, and the risk that the claimant would not prevail. *Id.*

The procedural history and ultimate outcome in this case reflects that Smith was extraordinarily diligent in pursuing Wysocki's claims, resulting ultimately in an award of benefits. There was no delay in the case attributable to Smith. The fee requested would amount to slightly more than $642.00 per hour, which is an exceedingly high hourly rate in the central Florida market. However, the risk that Wysocki would not prevail was substantial, as shown by the procedural history in this case including three appeals to this Court. Accordingly, under these circumstances, I find that the requested fee is reasonable.

**III.   ORDER.**

Accordingly, it is **ORDERED** that Kathleen A. Smith, Esq., is allowed a fee under § 406(b) in the amount of $50, 548.50, which is 25% of the accrued benefits awarded to Wysocki ($75,329.75) less the EAJA fees already awarded to Attorney Smith ($6,781.25).

It is further **ORDERED** that Smith shall promptly provide a copy of this Order to Wysocki. If Wysocki objects to the award of attorney's fees, she may file an objection with this Court on or before May 19, 2008.

**DONE** and **ORDERED** in Orlando, Florida on April 28, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties